UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN VAYKO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OAKLAND COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. 24-11327<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Kevin Vayko's application to proceed *in forma pauperis*. *See* ECF No. 2. The Court has reviewed Plaintiff's affidavit and finds that Plaintiff demonstrated the required showing of indigence. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court will (1) grant the application and allow Plaintiff's complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.　Background and Legal Standard**

*Pro se* complaints are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But the Court must dismiss an *in forma pauperis* complaint if it "is frivolous or malicious," "fails to state a claim

on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis either in law or in fact"—*i.e.*, it rests on "an indisputably meritless legal theory," "clearly baseless" facts, a nonexistent legal interest, or "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). An implausible complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). And an immunity-barred complaint is just that—one that cannot proceed because it seeks damages from a defendant who is shielded from such pursuits. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)(describing judicial immunity from damages suit).

Here, Plaintiff seeks "punitive and actual compensatory damages" from five defendants for alleged "destruction of exculpatory surveillance video evidence leading to [his] false imprisonment of 11 months, costs for legal expenses, permanent physical damages to [his] body, emotional and psychological distress, and associate [sic] lost wages." ECF No. 1, PageID.4. The gist of his complaint is that he was improperly prosecuted for and convicted of fourth-degree criminal sexual conduct in Oakland County Circuit Court, and suffered injuries while incarcerated and before finalizing a "plea deal for time served." *Id.* at PageID.7-9. Plaintiff blames (1) his problems at trial on Oakland County Judge Michael Warren (who presided over his

2

state criminal case); (2) his wrongful prosecution and false imprisonment on Assistant Oakland County Prosecutor Nicholas McIntyre (who prosecuted Plaintiff's case), Oakland County Sheriff Deputy Daniel Kruse (who investigated Plaintiff's crime), and Dustin Hoffmann (a private security director for Lululemon Athletica who reported Plaintiff's crime at the company's Rochester Hills, Michigan store); and (3) his problems in jail on the Corrective Services Division within the Oakland County Sheriff's Department. ECF No. 1, PageID.2, 4, 7-9.

**II. Analysis**

Plaintiff invokes an assortment of federal law under which he seeks relief. *See* ECF No. 1, PageID.3 (citing the First, Fifth, Sixth, and Eighth Amendments to the U.S. Constitution; the Code of Federal Regulations standards for the Courts of Indian Offenses, 25 CFR § 11.404, and the Prison Rape Elimination Act ("PREA"), 28 CFR § 115; the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 342; and the criminal statutes for mutilating a court record, 18 U.S.C. § 2071, and falsifying records in federal proceedings, 18 U.S.C. § 1519). As the Court sees it, these authorities fall into two buckets—each deserving dismissal.

At the outset, the Court will summarily dismiss as frivolous Plaintiff's claims to the extent they are premised on the non-constitutional authorities listed. The Court is not allowed to "guess at the nature of the claim[s] asserted," *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012), "rewrite [Plaintiff's]

complaint to include claims that were never presented," "construct the [P]laintiff's legal arguments for him," or "conjure up unpled allegations," *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009). But even if the Court could do that, none of these authorities can support Plaintiff's claims for relief. *See, e.g.*, *Townsend v. Esters*, No. 23-10814, 2023 WL 9546500, at *3 (E.D. Mich. Apr. 19, 2023) (explaining that "only the United States Attorney can initiate criminal charges in federal court" and holding that certain statutes, like 18 U.S.C. § 2071, do not "provide a private cause of action in a civil case"), *aff'd*, No. 23-1428, 2023 WL 9511033 (6th Cir. Nov. 20, 2023); *Waverly v. Emory Healthcare, Inc.*, No. 13-142, 2013 WL 5755596, at *3 (M.D. Ga. Oct. 23, 2013) (dismissing claim under 18 U.S.C. § 1519 because it does "not generally provide a stand-alone private civil cause of action"); *McGibbon v. Stephenson*, No. 22-12167, 2023 WL 1819152, at *2 (E.D. Mich. Feb. 8, 2023) ("The PREA does not create a private cause of action.").

As for Plaintiff's list of constitutional amendments, the Court construes it as a request for relief against Defendants for depriving him of his "rights, privileges, or immunities secured by the Constitution" under 42 U.S.C. § 1983. To state a claim in this way, Plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the Constitution or federal law, and (2) a person acting under color of state law caused the deprivation. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *accord Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson*

4

*Cnty., Tennessee*, 35 F.4th 459, 468 (6th Cir. 2022). Unfortunately for Plaintiff, these claims also fail against each named defendant under 28 U.S.C. § 1915(e)(2)(B).

### A. Judge Michael Warren

Plaintiff says Judge Warren "erroneously denied" Plaintiff's "motion to dismiss" the case and refused to hold an "evidentiary hearing" on supposed exculpatory evidence associated with Plaintiff's charged criminal conduct. ECF No. 1, PageID.7. Plaintiff also accuses the judge of "protect[ing] the interests of law enforcement against the interest of justice and common law" by ignoring "a conflict of interest between himself and law enforcement." ECF No. 1, PageID.7.

These allegations fail twice over. They target the "judge's actions taken in an official judicial capacity" and within the bounds of his jurisdiction, so the judge is shielded from them by absolute judicial immunity. *Morgan v. Bd. of Pro. Resp. of the Supreme Ct. of Tennessee*, 63 F.4th 510, 518 (6th Cir. 2023); *accord Shelton v. Sosnick*, No. 11-13119, 2011 WL 6754091, at *2 (E.D. Mich. Dec. 23, 2011) (affording Judge Warren "absolute judicial immunity" from § 1983 suit). And they are frivolous for (1) challenging "the manner in which the state court prosecution" was conducted, *Parker v. Phillips*, 27 Fed. Appx. 491, 493-94 (6th Cir. 2001), in a way that would have the Court violate the *Rooker-Feldman* abstention doctrine by conducting an "appellate review" of Judge Warren's rulings, *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); and (2) resting on the "clearly baseless"

"delusional scenario," *Neitzke*, 490 U.S. at 325-28, that Plaintiff's case somehow "illustrated a conflict of interest between [Judge Warren] and law enforcement" that undercut "the interest of justice and common law." ECF No. 1, PageID.7. The Court must summarily dismiss these claims. *See* 28 U.S.C. § 1915(e)(2)(B).

### B. APA McIntyre, Deputy Kruse, and Mr. Hoffman

Plaintiff accuses APA McIntyre, Deputy Kruse, and Mr. Hoffmann of colluding "to allow purported destruction" and "suppress[ion]" of "store surveillance video evidence" associated with his charged crime despite knowing "the exculpatory nature of the … video." ECF No. 1, PageID.4, 7. As Plaintiff sees it, Deputy Kruse and Mr. Hoffmann worked together to falsely accuse Plaintiff of the crime, and then Deputy Kruse "was led to believe that they could file false police report … through [APA] McIntyre, who was notorious for suppression of physical evidence in several other cases" as part of a "common practice" against "multiple criminal defendants" during Oakland County Prosecutor Jessica Cooper's "reign" in office. *Id.*, PageID.7. All of this, says Plaintiff, was part of a conspiracy to wrongly prosecute and falsely imprison him. *See* ECF No. 1, PageID.4, 7.

These claims are frivolous, too. For starters, to challenge his "conviction or sentence," Plaintiff needed to "prove that" they have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of

6

habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). He does no such thing; indeed, he admits that some version of the opposite occurred. ECF No. 1, PageID.7 (stating that his "complaint" about "Defendants … filing a false police report" "was further appealed to the [Michigan] Court of Appeals but that [c]ourt was not provided a proper reason for emergency or immediacy for hearing the matter so they denied the application altogether"; "[p]ost-conviction, the matter of ineffective assistance was raised to both Courts without relief"; and "[a]ll issues have been raised to the Michigan Supreme Court"). If Plaintiff wanted, for example, to accuse Deputy Kruse of "filing a false police report," he was free to do so in a post-conviction appeal. ECF No. 1, PageID.7. But his claims are barred to the extent he raises such arguments here. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (holding *Heck* barred claims for false imprisonment or malicious prosecution until the plaintiff had "the conviction overturned on direct appeal or via collateral attack"); *cf.* 28 U.S.C. § 1915(e)(2)(B).

Even if Plaintiff could bring them, his claims fail on their own as to each defendant Plaintiff accuses of conspiring to prosecute and imprison him. *See* ECF No. 1, PageID.4, 7. Put simply, they are the exact sort of "vague and conclusory allegations unsupported by material facts" that "are not sufficient to state a claim" in federal court. *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (affirming

7

dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity"). Untethered to a single plausible allegation that these Defendants "shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right," *Qualls v. Crow*, No. 23-3889, 2023 WL 8711704, at *5 (S.D. Ohio Dec. 18, 2023), Plaintiff's claims are just as meritless as the ones against Judge Warren. *Neitzke*, 490 U.S. at 325-28. They must fail under 28 U.S.C. § 1915(e)(2)(B).

What's more, Plaintiff's claims against APA McIntyre are immunity-barred. Like other prosecutors advocating for the state, APA McIntyre "enjoys absolute immunity from § 1983 suits for damages when," as here, "he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *accord Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) (similar). That is true even if "the general nature of the action" was "unquestionably illegal or improper conduct," *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009), or included a "[f]ailure to disclose purportedly exculpatory evidence." *Howell v. Sanders*, 668 F.3d 344, 354 (6th Cir. 2012); *see, e.g.*, *Manetta v. Macomb Cnty. Enf't Team*, 141 F.3d 270, 274 (6th Cir. 1998) (prosecutor is "absolutely immune from the claims … to the extent that they rely on his actions of obtaining arrest warrants against them and prosecuting them for extortion"). Because Plaintiff does not allege anything that would abrogate this broad form of immunity, the Court must dismiss Plaintiff's

claims that APA McIntyre destroyed or suppressed exculpatory evidence during the course of his duties as the state's advocate.

Plaintiff's claims against Mr. Hoffmann fail for an additional reason, too: he does not adequately allege that Mr. Hoffmann was acting "under color of law." *Flagg Bros.*, 436 U.S. at 156 ("most rights secured by the Constitution are protected only against infringement by governments"); *cf.* 42 U.S.C § 1983.  Plaintiff only alleges without elaboration that Mr. Hoffmann colluded with the Oakland County Sheriff's Department to "allow purported destruction of exculpatory store surveillance video evidence."  ECF No. 1, PageID. 4, 7.  This falls short of the required minimum to survive dismissal under 28 U.S.C. § 1915(e)(2)(B).  *Compare Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 831 (6th Cir. 2007) (private security guard was not a state actor where plaintiff failed to "point to any powers above and beyond those possessed by ordinary citizens that the state of Michigan had delegated to Defendant's unlicensed security personnel at the time of Plaintiffs' arrests") *with Romanski v. Detroit Ent., L.L.C.*, 428 F.3d 629, 640 (6th Cir. 2005) (considering "the specific powers that … an on-duty and duly licensed private security police officer[] had at her disposal," and reasoning that having "plenary arrest power," being "duly licensed" as "a private security police officer" under Michigan law, and serving "on duty at all times relevant to this case" meant she "was a state actor").  The Court will dismiss Plaintiff's claims against Mr. Hoffmann on this basis, as well.

### C.     Oakland County Sheriff's Department

Plaintiff also holds the Corrective Services Division of the Oakland County Sheriff's Office responsible for problems he claims to have faced while "wrongfully incarcerated" for "11 months" in the Oakland County Jail—*e.g.*, taking ill from consuming "adulterated food," "suffering sexual abuse," and facing hardship because the jail violated certain COVID-19 policies norms and policies. ECF No. 1, PageID.4, 8-9.  Unfortunately for Plaintiff, the Oakland County "Sheriff's Department is not a legal entity subject to suit." *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *accord Washington v. Sanchez*, No. 21-11725, 2021 WL 5040328, at *2 (E.D. Mich. Oct. 27, 2021) (dismissing claims against Oakland County Sheriff's Department); *Coopshaw v. Lenawee Cnty. Sheriff's Off.*, No. 05-72569, 2006 WL 3298898, at *7 (E.D. Mich. Nov. 14, 2006) (collecting cases). Thus, Plaintiff's claims against it must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

\* \* \* \*

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED.  The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis*, because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: September 30, 2024                s/Robert J. White
                                         Robert J. White
                                         United States District Judge